UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA MARIE GALICINAO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-00013 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1959, applied on August 8, 2014 for SSI and disability insurance benefits, alleging disability beginning August 1, 2012. Administrative Transcript ("AT") 15, 103. Plaintiff alleged she was unable to work due to arthritis, high blood pressure, high cholesterol, anxiety, depression, panic attacks, slipped disc, spondylolysis, and heel spurs. AT 104. In a

1

decision dated April 5, 2017, the ALJ determined that plaintiff was not disabled.[1] AT 28. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since August 1, 2012, the alleged onset date.
>
> 3. The claimant has the following severe impairments: obesity, degenerative disc disease of the lumbar spine, and hypertension ("HTN").
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform less than the full range of light work with the following function-by-function limitations: lift and/or carry 10 pounds frequently and 20 pounds occasionally; sit for 6 hours in an 8 hour workday; stand and/or walk for 6 hours in an 8 hour workday; precluded from climbing ladders, ropes, and scaffolds; occasionally climb ramps and stairs; occasional stooping, kneeling, crouching and crawl; frequent balancing; and should avoid concentrated exposure to extreme cold and hazards (which includes unprotected heights, machinery, dangerous equipment, and so forth).
>
> 6. The claimant is capable of performing past relevant work as a director, research & development, as generally performed.[2] This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2012, through the date of this decision.

AT 17-28.

The ALJ also made alternative step five findings that, considering the claimant's age, work experience, and residual functional capacity (RFC), there were other jobs existing in the national economy that she could perform. AT 27. The ALJ noted the vocational expert's (VE's) finding that plaintiff's past relevant work as a director of research and development was skilled with a specific vocational preparation (SVP) code of 8 and required the following skills: the ability to work with elderly and disabled individuals and market analyst skills. AT 27. The ALJ found that plaintiff had acquired work skills from past relevant work that were transferable to other occupations that existed in significant numbers in the national economy. AT 27. When asked about jobs which could be performed by someone with the same age, education, past relevant work experience and RFC as plaintiff, and which required skills acquired in plaintiff's past relevant work but no other skills, the VE listed the representative occupations of market research analyst, companion, cashier II, administrative clerk, and production clerk. AT 27-28. The ALJ found plaintiff not disabled for this alternate reason, along with the ability to perform past relevant work. AT 27-28.

---

[2] Plaintiff testified that she managed the local affiliate of a market research firm in 2002, prior to working as a caregiver. AT 40-41.

3

## ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erroneously discounted the opinion of plaintiff's treating physician; (2) the RFC did not account for acknowledged mental limitations; and (3) the ALJ erred in discounting plaintiff's credibility.

## LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

////

////

ANALYSIS

Plaintiff asserts that the ALJ did not provide sufficient reason for giving "no weight" to the November 18, 2015 medical source statement of treating physician Dr. Harbhajan Shergill. See AT 531-533. Dr. Shergill, a primary care practitioner, began treating plaintiff in January 2012, seven months before the alleged disability onset date. AT 409-410. He treated her periodically for about four years, until November 2015. AT 55; see, e.g., AT 409 (plaintiff sought treatment for back and hip pain and appeared to be "under a lot of stress"); AT 397 (plaintiff sought treatment for back pain and depression); AT 492 (plaintiff sought treatment for back pain). Dr. Shergill prescribed and refilled various medications for plaintiff, including Vicodin, Trazodone, Zocor, Ativan, Norco, and Flexeril. See, e.g., AT 398, 405, 407, 408.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a

non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

The ALJ addressed Dr. Shergill's opinion as follows:

> H.S. Shergill, MD opined on November 18, 2015 that the claimant is diagnosed with back pain and has symptoms of back pain, neck pain, hip pain and left upper extremity pain such that she can only lift/carry 10 pounds occasionally and less than 10 pounds frequently; stand/walk 0-2 hours in an 8 hour day; sit 0-2 hours in an 8 hour day; never twist, stoop, crouch/squat, or climb ladders or stairs; that she will have significant limitations reaching/handling, and fingering with the upper left extremity. [AT 531-532.] Dr. Shergill opined that the claimant has psychological conditions of depression; that pain and symptoms will constantly interfere with attention and concentration; that the claimant is only capable of low stress jobs; and that the claimant will be absent 4 or more days per month. [AT 533.]
>
> The undersigned affords this opinion no weight. First, Dr. Shergill did not treat the claimant for depression: treatment notes document only *one* occasion wherein Dr. Shergill noted the claimant's *subjective* complaint of 'anxiety with panic attacks' without any corresponding clinical findings. [Record citation.] The lack of any longitudinal history of treatment for the condition infers that Dr. Shergill is not familiar with the claimant's mental impairments so as to offer a reliable assessment. Second, Dr. Shergill's opinions are not substantiated by his treatment notes, as treatment notes do not indicate any objective clinical findings that would lend support to the limitations opined. In fact, Dr. Shergill's opinion regarding manipulative limitations is inconsistent with recent physical examination findings that the claimant retains normal range of motion. [Record citation.]

AT 25 (emphasis in original).

Plaintiff takes issue with the ALJ's statements that Dr. Shergill did not treat her for depression, and that his notes only document a onetime complaint of anxiety with panic attacks. In fact, Dr. Shergill's notes make numerous references to mental symptoms, and he repeatedly diagnosed plaintiff with, and prescribed medication for, mental impairments. In January 2012, Dr. Shergill noted that plaintiff was "under a lot of stress" and crying; he prescribed the anti-anxiety drug Ativan. AT 409. One month later, he noted that she was "very nervous and upset" and diagnosed her with anxiety. AT 409. In January and April 2013, Dr. Shergill noted depression, trouble sleeping, and stress, and prescribed Trazadone along with Ativan. AT 405, 407. In August 2014, Dr. Shergill noted that plaintiff was "very depressed and feeling down" and

prescribed Ativan. AT 397. Two weeks later, Dr. Shergill diagnosed anxiety and recommended that plaintiff see a psychiatrist. AT 396. In December 2014, Dr. Shergill noted plaintiff's reports of "anxiety attacks, getting worse lately, public phobias, shakiness in hands." AT 650. He diagnosed plaintiff with "anxiety with panic attacks" and prescribed Valium. AT 650. Throughout 2015, Dr. Shergill continued to prescribe Ativan for plaintiff's reported symptoms of anxiety. See generally AT 624-646. Dr. Shergill again diagnosed plaintiff with anxiety in November 2016. AT 623.

Contrary to the ALJ's finding, plaintiff presented with mental symptoms to Dr. Shergill more than once, and his treatment notes document a "longitudinal history" of assessing and treating mental symptoms. The undersigned concludes that the ALJ did not provide specific and legitimate reasons for giving no weight whatsoever to Dr. Shergill's opinion of plaintiff's mental impairments.[3]

Moreover, as plaintiff points out in her second claim, the RFC includes no mental limitations, despite the ALJ's own finding that plaintiff had medically determinable impairments of mood disorder, anxiety disorder, and depression. AT 20. The ALJ found plaintiff to have "mild limitation" in the functional areas of understanding, remembering or applying information; interacting with others; and concentration, persisting, or maintaining pace. AT 20. The ALJ also stated that plaintiff's anxiety disorder was "considered in the disability evaluation," though it is not clear how. AT 20.

In determining RFC, the ALJ discounted plaintiff's self-reported mental symptoms, stating that "her mental conditions have been adequately managed by her primary care physician, which tends to detract from the severity of symptoms." AT 24. While this part of the decision acknowledged that plaintiff's primary doctor treated her mental conditions, the ALJ rejected Dr. Shergill's opinion that plaintiff was only "capable of low stress jobs," suffered from depression, had impaired attention and concentration, and would be absent from work more than four days per month. AT 533. Ultimately, the RFC included only physical limitations. As plaintiff has

---

[3] The court expresses no opinion as to the ALJ's weighing of Dr. Shergill's findings as to physical limitations, as it does not reach that issue.

7

shown harmful error in the weighing of the treating physician's opinion, she is entitled to summary judgment.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether plaintiff was disabled during the relevant period. On remand, the ALJ shall reevaluate the medical opinion evidence and provide legally sufficient reasons for discounting any opinion as to plaintiff's impairments and/or ability to perform work-related functions.

The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant

period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;
2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is denied; and
3. This matter is remanded for further proceedings consistent with this order.

Dated: March 13, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/galicinao0013.ssi.ckd